## G. A. R. PRICE *v*. THE STATE.

EVIDENCE. — To *scire facias* against a surety on a forfeited appearance bond, the defense was that the principal obligor was disabled by sickness from appearing at the time conditioned in the bond; and the court below, in support of this defense, admitted as evidence a physician's certificate to that effect. *Held*, error, but not to the prejudice of the appellant, nor available by him.

APPEAL from the Criminal Court of Paris, Lamar County. Tried below before the Hon. J. Q. CHENOWITH.

*Hale & Scott*, for the appellant.

*George McCormick*, Assistant Attorney-General, for the State.

WINKLER, J.    The appellant was one of the sureties on a bond given by one Samuel Blackburn, who had been attached as a State's witness in a case of felony pending in the Criminal Court of the city of Paris, Lamar County, prior to the abolition of that court.    On July 20, 1874, the principal failing to appear, a forfeiture was taken upon the bond, and judgment *nisi* taken against the principal and his sureties, and *scire facias* ordered, returnable to the next succeeding term of the court.

Service of the *scire facias* being had on the appellant, on June 15, 1875, he filed a sworn answer to the writ, and on October 23, 1875, filed an amended answer, also under oath, which, taken together, are in substance that, at the date of the forfeiture of the appearance bond of Blackburn, who, it seems, was residing in Denton County, he (Blackburn) was sick and confined to his room under the care of a physician, and was wholly unable to attend the court at the time the forfeiture was taken.

On the trial, the defendant, Price, offered in evidence the certificate of a physician as to the physical condition of the principal at the time the forfeiture was taken, which was admitted in evidence over the objection of the district attorney, who saved a bill of exceptions thereto.    In this the court erred.    We have no knowledge of any rule of law which would permit the introduction of this character of evidence.    But of this error the defendant cannot complain. A son of the principal, however, testified that his father intended to attend the court, and had his clothes packed for that purpose, but was taken sick and confined to his bed from July 1st until some time in August, 1874.    But one witness testified in the case.

The judgment *nisi* was made final against the appellant, after overruling a demurrer to the answer, in which ruling we find no error.

We are of opinion that the evidence as embraced in the

statement of facts does not support the judgment rendered, and that the court, as stated in the assignment of errors, " erred in rendering a final judgment " under the proofs; and, therefore, the judgment must be reversed and the cause remanded.

*Reversed and remanded.*